UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

               Plaintiff,

    - against -

CITY OF GLEN COVE
and WAH CHANG SMELTING AND
REFINING COMPANY OF AMERICA, INC.

           Defendants.

- - - - - - - - - - - - - - - - X

COMPLAINT

Civil Action
No. CV-

CV 03 4975

PLATT, J.

ORENSTEIN, M.J.

      The United States of America, by authority of the
Attorney General of the United States and the United States
Attorney for the Eastern District of New York, through the
undersigned attorneys, acting at the request of the Administrator
of the United States Environmental Protection Agency ("EPA"),
files this complaint and avers as follows:

STATEMENT OF THE CASE

    1.  This is a civil action brought pursuant to Sections 106
and 107 of the Comprehensive Environmental Response,
Compensation, and Liability Act, 42 U.S.C. §§ 9606 and 9607, as
amended ("CERCLA").  The United States seeks injunctive relief
and recovery of the unreimbursed response costs it has incurred
and will incur in connection with a site known as the Li Tungsten
Superfund Site, encompassing approximately 30 acres and
consisting of two main areas: (1) the former Li Tungsten
Corporation facility, an inactive 26-acre industrial facility,

-2-

located at the intersection of Herbhill Road, Dickson Lane and Garvies Point Road in an industrial area along the north bank of Glen Cove Creek in the City of Glen Cove, Nassau County, New York (the "Li Tungsten Property"); and (2) the radiologically-contaminated portions of an area known as the "Captain's Cove Property," which is located approximately 1,000 feet west of the Li Tungsten Property on Garvies Point Road in the City of Glen Cove, as well as those areas where hazardous substances and/or pollutants and contaminants released at or from the Li Tungsten Property or contaminated ore residuals originating from the Li Tungsten Property and released at or from the Captain's Cove Property have come to be located (collectively "the Site").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 106, 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607 and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b), 1391(c) and 1395, because the claims arose, and the threatened or actual releases of hazardous substances occurred, in this district.

## THE DEFENDANTS

4. Defendant City of Glen Cove is a municipality located in

-3-

the County of Nassau in the State of New York.

5.    Defendant Wah Chang Smelting and Refining Company of
America, Inc., ("Wah Chang") is a corporation organized and
existing under the laws of the State of New York.

6.    Each of the defendants is a "person" as defined in
Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

STATUTORY BACKGROUND

7.    CERCLA was enacted in 1980 to provide a comprehensive
governmental mechanism for abating releases and threatened
releases of hazardous substances and other pollutants and
contaminants and for funding the costs of such abatement and
related enforcement activities, which are known as "response
actions." 42 U.S.C. §§ 9604(a), 9601(25).

8.    Under Section 104(a)(1) of CERCLA, as amended:

> Whenever (A) any hazardous substance is released or
> there is a substantial threat of such a release into
> the environment, or (B) there is a release or
> substantial threat of release into the environment of
> any pollutant or contaminant which may present an
> imminent and substantial danger to the public health or
> welfare, the President is authorized to act, consistent
> with the national contingency plan, to remove or
> arrange for the removal of, and provide for remedial
> action relating to such hazardous substance, pollutant,
> or contaminant at any time (including its removal from
> any contaminated natural resource), or take any other
> response measure consistent with the national
> contingency plan which the President deems necessary to
> protect the public health or welfare or the environment
> . . . .

42 U.S.C. § 9604(a)(1).

9.    Section 106(a) of CERCLA provides, in addition to the

-4-

President's authority to undertake response actions under Section

104 of CERCLA, that:

> [W]hen the President determines that there may be an
> imminent and substantial endangerment to the public
> health or welfare or the environment because of an
> actual or threatened release of a hazardous substance
> from a facility, he may ... after notice to the
> affected State, take other action under this section
> including, but not limited to, issuing such orders as
> may be necessary to protect public health and welfare
> and the environment.

42 U.S.C. § 9606(a).

10.   For CERCLA response actions and enforcement purposes,

the Administrator of EPA is the President's delegate, as provided

in operative Executive Orders, and, within certain limits, the

Regional Administrators of EPA have been re-delegated this

authority.

11.   Section 107(a) of CERCLA, 42 U.S.C. § 9607(a),

provides:

> Notwithstanding any other provision or rule
> of law, and subject only to the defenses set
> forth in subsection (b) of this Section--
>
> (1)   the owner and operator of a
>       vessel or a facility,
>
> (2)   any person who at the time of disposal
>       of any hazardous substance owned or
>       operated any facility at which such
>       hazardous substances were disposed of,
>
> (3)   any person who by contract, agreement,
>       or otherwise arranged for disposal or
>       treatment, or arranged with a
>       transporter for transport for disposal
>       or treatment, of hazardous substances
>       owned or possessed by such person, by

-5-

> any other party or entity, at any
> facility or incineration vessel owned or
> operated by another party or entity and
> containing such hazardous substances,
> and
>
> (4)   any person who accepts or accepted any
>       hazardous substances for transport to
>       disposal or treatment facilities,
>       incineration vessels or sites selected
>       by such person, from which there is a
>       release, or a threatened release which
>       causes the incurrence of response costs,
>       of a hazardous substance, shall be
>       liable for--
>
>       (A)   all costs of removal or remedial
>             action incurred by the United
>             States Government . . . not
>             inconsistent with the national
>             contingency plan . . . .

## GENERAL AVERMENTS

12.   The Site is approximately 30 acres in size and consists

of two main areas.  The first area is the Li Tungsten Property,

the former Li Tungsten Corporation facility, an inactive 26-acre

industrial facility, located at the intersection of Herbhill

Road, Dickson Lane and Garvies Point Road in an industrial area

along the north bank of Glen Cove Creek in the City of Glen Cove,

Nassau County, New York.  The second area includes portions of

the Captain's Cove Property and the former Captain's Cove

condominium development, which were contaminated by ore residuals

emanating from the Li Tungsten Property portion of the Site.

13.   From approximately 1942 to 1985, tungsten ore and scrap

and other non-ferrous metal ores and scrap were processed at the

-6-

Li Tungsten Property, and waste containing hazardous substances were disposed of at the Li Tungsten Property.

14.   Ore residues from the Li Tungsten Property were transported to and disposed of at portions of the Captain's Cove Property from approximately the early 1950's at least until the late 1960's.

15.   Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Li Tungsten Property on the National Priorities List ("NPL") by publication in the Federal Register on October 14, 1992.  The NPL, codified at 40 C.F.R. Part 300, Appendix B, has been promulgated pursuant to Section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).  In 1995, consistent with Section 104(d)(4) of CERCLA, 42 U.S.C. § 9604(d)(4), the Site was expanded to include those areas of the Captain's Cove Property where radioactive contamination exists.

16.   Substances defined as hazardous substances pursuant to Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been detected at the Site.  These substances include, but are not limited to, radionuclides (radioactive isotopes of radium, uranium and thorium), other accessory metals (antimony, arsenic, barium, bismuth, copper, cobalt, chromium, lead, manganese, mercury, molybdenum, nickel and vanadium), polychlorinated biphenyls, and volatile organic compounds.

17.   These hazardous substances have been detected at the

-7-

Site in various locations, including but not limited to, drums, tanks, waste piles, building structures, sediments and soils.

18.   In September 1999, EPA issued a Record of Decision ("ROD") for the Site.  The major components of the selected remedy were excavation of soils and sediments contaminated above cleanup levels; separation of radionuclide-contaminated soil from nonradionuclide soil contaminated with heavy metals; off-Site disposal of both radionuclide and metals-contaminated soil and radioactive waste at appropriately licensed facilities; building demolition at the Li Tungsten facility; storm sewer and sump clean-outs at the Li Tungsten facility; institutional controls governing the future use of the Site; and collection and off-site disposal of certain contaminated surface water.

19.   Pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, EPA has taken actions in "response," as defined in 42 U.S.C. § 9601(25), to releases or threatened releases of hazardous substances at or from the Site.  These response actions have included, without limitation: EPA's performance of removal activities at the Li Tungsten Property from 1995 to 1998, which included the extraction and decontamination of the 271 tanks used in the tungsten extraction process and the demolition of several of the buildings which housed such tanks; and EPA's issuance of the Remedial Investigation report for the Site in May 1998, and a subsequent Feasibility Study report in December 1998.

-8-

20. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21. Defendant City of Glen Cove was the owner of a portion of the Captain's Cove Property during a period of disposal activities at that portion and thus was an owner at the time of disposal of hazardous substances at the Site. Accordingly, at the time of disposal of hazardous substances, the City of Glen Cove owned or operated a portion of the Site, a facility at which such hazardous substances were disposed of, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

22. Defendant Wah Chang owned the Li Tungsten Property and the Li Tungsten facility from 1951 to 1984, was an operator (in its own capacity and as successor to National Reconditioning Company) of the Li Tungsten facility and of the Site, and generated hazardous substances at the Li Tungsten facility that came to be disposed of at the Captain's Cove Property. Accordingly, Wah Chang was an owner and operator at the time of disposal within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), and an arranger for disposal within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

23. There have been and continue to be "releases" of "hazardous substances" within the meaning of Sections 101(22) and (14) of CERCLA, 42 U.S.C. §§ 9601(22) and (14), into the environment at and from the Site.

-9-

<u>FIRST CLAIM FOR RELIEF</u>

<u>INJUNCTIVE RELIEF UNDER CERCLA SECTION 106(a)</u>

24.  Paragraphs 1 through 23, inclusive, are reaverred and incorporated herein by reference.

25.  In accordance with Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the Regional Administrator of EPA, Region II, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of the actual and/or threatened releases of hazardous substances at and from the Site.

26.  Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the defendants are liable to perform certain response actions selected by EPA in order to abate the conditions at the Site that present or may present an imminent and substantial endangerment to the public health or welfare or the environment.

<u>SECOND CLAIM FOR RELIEF</u>

<u>COST RECOVERY UNDER CERCLA SECTION 107(a)</u>

27.  Paragraphs 1 through 26, inclusive, are reaverred and incorporated herein by reference.

28.  The releases or threatened releases of hazardous substances at the Site have caused the United States to incur response costs as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in connection with the Site.  The United States will continue to incur response costs in connection with the Site in

-10-

the future.

29.  The costs of the response actions taken and to be taken by the United States in connection with the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

30.  Pursuant to Section 107(a), 42 U.S.C. § 9607(a), defendants are liable to the United States for the response costs incurred and to be incurred by the United States in connection with the Site.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff, the United States of America, respectfully requests that this Court:

1.  On the First Claim for Relief, enter judgment against each of the defendants and in favor of the United States, ordering the defendants to perform certain response actions selected by EPA in order to abate the conditions at the Site.

2.  On the Second Claim for Relief, enter judgment against each of the defendants and in favor of the United States, for all past and future response costs incurred or to be incurred by the United States in connection with the Site, including enforcement costs, the cost of any health assessment or health effects study relevant to the Site, and interest;

3.  Award the United States its costs of this action; and

-11-

    4.   Grant  such  other  and  further  relief  as  the  Court

deems  appropriate.

                       Respectfully submitted,

                       _Tom Sansonetti_

                       THOMAS L. SANSONETTI
                       Assistant Attorney General
                       Environment and Natural
                         Resources Division
                       U.S. Department of Justice
                       950 Pennsylvania Avenue, N.W.
                       Washington, D.C.  20530

                       ROSLYNN R. MAUSKOPF
                       United States Attorney
                       Eastern District of New York
                       One Pierrepont Plaza, 14th Fl.
                       Brooklyn, New York 11201

         By:  _Deborah B. Zwany_
                       DEBORAH B. ZWANY (DBZ 7987)
                       Assistant U.S. Attorney
                       (718) 254-6010

Of Counsel

JAMES E. DOYLE
Assistant Regional Counsel
U.S. Environmental Protection Agency
290 Broadway
New York, New York  10007-1866