UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

    - against -

CITY OF GLEN COVE
and WAH CHANG SMELTING AND
REFINING COMPANY OF AMERICA, INC.

                Defendants.

Civil Action No.
CV-03-4975

(Platt, S.J.)
(Orenstein, M.J.)

--------------------------------X

TDY HOLDINGS, LLC and
TDY INDUSTRIES, INC.,

                Plaintiffs,

    - against-

UNITED STATES OF AMERICA, UNITED
STATES DEPARTMENT OF COMMERCE,
DONALD L. EVANS, in his official capacity
as SECRETARY OF COMMERCE, UNITED
STATES DEPARTMENT OF DEFENSE,
DONALD RUMSFELD, in his official capacity as
SECRETARY OF DEFENSE, UNITED
STATES DEPARTMENT OF THE TREASURY,
PAUL H. O'NEILL, in his official
capacity as SECRETARY OF TREASURY,
UNITED STATES GENERAL SERVICES
ADMINISTRATION, STEPHEN A. PERRY,
in his official capacity as ADMINISTRATOR
OF GENERAL SERVICES,

                Defendants.

Civil Action No.:
CV-00-6545

(Platt, S.J.)
(Orenstein, M.J.)

--------------------------------X

## INTERIM STIPULATION OF SETTLEMENT
## BETWEEN
## THE UNITED STATES
## AND
## TDY HOLDINGS LLC, AND TDY INDUSTRIES, INC.

*Interim Stipulation of Settlement between the United States and TDY*

This Interim Stipulation of Settlement ("Stipulation") is entered into this 28th day of July 2004, by and between (i) the United States, on behalf of the Environmental Protection Agency ("EPA"), the United States General Services Administration, the United States Department of Commerce, the United States Department of the Treasury, and the United States Department of Defense (the latter four agencies collectively referred to herein as the "Settling Federal Agencies"), and (ii) TDY Holdings LLC, and TDY Industries, Inc. (collectively "TDY").

## BACKGROUND

1.  Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Li Tungsten Site (the "Site"), located in Glen Cove, Nassau County, New York, on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on October 14, 1992. 57 Fed. Reg. 47180. In 1995, the Site was expanded to include those areas of the Captain's Cove Property where radioactive contamination exists.

2.  TDY and others[1] were named as respondents to the RD UAO, dated May 15, 2000, the RA UAO, dated September 29, 2000 and the Dredge Spoils UAO, dated August 14, 2001. The Settling Federal Agencies are not named respondents to these UAOs.

3.  On November 1, 2000, TDY filed a Complaint against the United States, specifically including the Settling Federal Agencies, in the United States District Court for the Eastern District of New York, Civil Action No. CV 00 6545 (the "Contribution Action"), alleging claims for cost recovery, contribution and response costs under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 et seq. ("CERCLA") related to response actions at the Site. On November 10, 2000, and on July 16, 2002, TDY amended its Complaint.

---

[1] Annexed as Exhibit A are the captions of each UAO referred to in Paragraph 2.

*Interim Stipulation of Settlement between the United States and TDY*

4. On January 31, 2003, TDY, the Settling Federal Agencies, and other PRPs entered into a Remedial Design Cost Sharing Agreement pursuant to which the Settling Federal Agencies provided an interim payment of funds to be utilized by TDY and other PRPs in performing certain response actions at the Site required by the RD UAO. TDY has performed certain additional response activities at the Site, including those required by the Dredge Spoils UAO and a portion of the work required by the RA UAO. TDY contends that it has expended approximately $5 million on response activities at the Site.

5. On September 30, 2003, the United States filed an action against the City of Glen Cove, New York, and Wah Chang Smelting and Refining Co. of America in the United States District Court for the Eastern District of New York, Civil Action No. CV 03-4975 (the "Settlement Action"), and lodged with the Court a Consent Judgment between the United States, the City of Glen Cove, New York, and Wah Chang Smelting and Refining Co. of America.

6. On April 29, 2004, the Court granted TDY's motion to intervene as a defendant in the Settlement Action.

7. TDY is entering into this Stipulation to reduce its potential liability to the United States for response costs incurred or to be incurred at the Site. The United States, on behalf of the Settling Federal Agencies, is entering into this Stipulation to reduce its potential liability for response costs incurred or to be incurred at the Site. TDY and the United States, on behalf of the Settling Federal Agencies, have agreed to contribute on an interim basis (i.e., without the admission of any issue of law or fact and without a determination of a final allocation of liability as between TDY, the Settling Federal Agencies, and any other PRPs at the Site) the amounts provided herein to allow EPA to conduct or finance response actions at or in connection with the Site and/or to reimburse response costs incurred by EPA at or in connection with the Site, and to begin a process for TDY and the United States to attempt to resolve all outstanding issues amicably with respect to the Site through a comprehensive settlement.

*Interim Stipulation of Settlement between the United States and TDY*

<u>AGREEMENT</u>

NOW, THEREFORE, the Parties, in consideration of the agreements set forth herein and intending to be legally bound, without any admission of any issue of fact or law, hereby agree as follows:

**I.     DEFINITIONS.**

Unless otherwise expressly provided herein, terms used in this Stipulation that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Stipulation or in any appendix attached hereto, the following definitions shall apply:

1.1    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §9601 et seq.

1.2    "Day" shall mean a calendar day. In computing any period of time under this Stipulation, where the last day falls on a Saturday, Sunday or federal holiday, the period shall run until the close of business of the next non-holiday weekday. In computing any period of time less than eleven (11) days, the calculation of deadlines shall exclude Saturdays, Sundays and federal holidays.

1.3    "Dredge Spoils UAO" shall mean the EPA-issued Unilateral Administrative Order, Index No. CERCLA-02-2001-2035, dated August 14, 2001, directing the respondents named therein to perform certain removal activities at the Site.

1.4    "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities of the United States.

1.5    "Li Tungsten Site Special Account" shall mean the Special Account established within the EPA Hazardous Substance Superfund for the Site by EPA pursuant to Section

-4-

*Interim Stipulation of Settlement between the United States and TDY*

122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

    1.6    "Paragraph" shall mean a portion of this Stipulation identified by an Arabic numeral or a lower case letter.

    1.7    "Parties" shall mean the United States and TDY.

    1.8    "Party" shall mean any individual party to this Stipulation.

    1.9    "PRPs" shall mean the entities identified by EPA as Potentially Responsible Parties for the response actions taken at the Site.

    1.10    "RA UAO" shall mean the EPA-issued Unilateral Administrative Order Index No. CERCLA-02-2000-2037, dated September 29, 2000, directing the respondents named therein to perform certain remedial actions and any additional response actions as EPA may direct in the implementation of the selected remedy for the Site.

    1.11    "RD UAO" shall mean the EPA-issued Unilateral Administrative Order Index No. CERCLA-02-2000-2013, dated May 15, 2000, directing the respondents named therein to perform a Remedial Design of certain portions of the selected remedy for the Site.

    1.12    "Section" shall mean a portion of this Stipulation identified by a Roman numeral.

    1.13    "Settling Federal Agencies" shall mean the United States General Services Administration, the United States Department of Commerce, the United States Department of the Treasury, and the United States Department of Defense.

    1.14    "Site" shall mean the Li Tungsten Superfund Site, which includes (1) the former Li Tungsten Corporation facility, an inactive 26-acre industrial facility, located at the intersection of Herbhill Road, Dickson Lane and Garvies Point Road in an industrial area along the north bank of Glen Cove Creek in the City of Glen Cove, Nassau County, New York; (2) the radiologically-contaminated portions of the Captain's Cove Property, which is located

*Interim Stipulation of Settlement between the United States and TDY*

approximately 1,000 feet west of the Li Tungsten Property on Garvies Point Road in the City of Glen Cove; and (3) nearby areas where radiologically-contaminated and/or metals-contaminated materials associated with the Li Tungsten Corporation facility were released, disposed of, or otherwise came to be located, including portions of Glen Cove Creek

    1.15    "Stipulation" shall mean this Interim Stipulation of Settlement.

    1.16    "TDY" shall mean TDY Holdings LLC and TDY Industries, Inc.

    1.17    "United States" shall mean the United States of America, including its departments, agencies and instrumentalities, except where the term is specifically limited to one or more particular agencies.

## II.    PAYMENT BY THE UNITED STATES ON BEHALF OF SETTLING FEDERAL AGENCIES

    2.1    As soon as reasonably practicable after the effective date of this Stipulation, the United States on behalf of the Settling Federal Agencies shall pay $20,900,000 to EPA. The payment shall reference EPA Region II, Site/Spill Identification Number 024L, USAO Number 1999V00190 and DOJ Case Number 90-11-3-06561/2.

    2.2    EPA will deposit the amount paid on behalf of the Settling Federal Agencies into the Li Tungsten Site Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

    2.3    In the event that the payment required in Paragraph 2.1 is not paid within one hundred and twenty (120) days after the effective date of this Stipulation, interest on the unpaid amount shall be paid at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code, commencing on the 121st day thereafter and accruing through the date of payment.

*Interim Stipulation of Settlement between the United States and TDY*

2.4     The Parties to this Stipulation recognize and acknowledge that the payment obligations of Settling Federal Agencies under this Stipulation can only be paid from appropriated funds legally available for such purpose. Nothing in this Stipulation shall be interpreted or construed as a commitment or requirement that any Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

### III.    PAYMENT BY TDY

3.1     Within five (5) days after the effective date of this Stipulation, but no earlier than July 16, 2004, TDY shall pay $500,000 in the manner set forth in Paragraph 3.2. On or before October 15, 2004, TDY shall pay an additional $250,000 in the manner set forth in Paragraph 3.2. On or before January 2, 2005, TDY shall pay an additional $250,000 in the manner set forth in Paragraph 3.2.

3.2.a.  Payments of the amounts set forth in Paragraph 3.1 shall be made via FEDWIRE Electronic Funds Transfer to the United States Department of Justice in accordance with instructions to be provided prior to or at the time of signature of this Stipulation, and shall reference EPA Region II, Site/Spill Identification Number 024L, USAO Number 1999V00190 and DOJ Case Number 90-11-3-06561/2. Any payments received after 4:00 p.m. Eastern Time shall be credited on the next business day. Notice that payment has been made in accordance with this Section of this Stipulation shall be sent to Financial Management Officer, U.S. Environmental Protection Agency, 290 Broadway, New York, New York 10007-1866; to James Doyle, Office of Regional Counsel, U.S. Environmental Protection Agency, 290 Broadway, New York, New York 10007-1866; and to Brenda Hinkson, United States Attorney's Office, Eastern District of New York, Financial Litigation Unit, 147 Pierrepont Street, Brooklyn, New York


*Interim Stipulation of Settlement between the United States and TDY*

11201.

3.2.b. The total amount to be paid pursuant to Paragraph 3.1 shall be deposited by EPA in the Li Tungsten Site Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

3.3 In the event that any payment required in Paragraph 3.1 is not paid by the date it is due in accordance with Paragraph 3.1, interest on the unpaid amount shall be paid at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code. Interest on the unpaid amount shall accrue and be calculated from the effective date of the Stipulation through the date of payment.

## IV.   EFFECT OF THE SETTLEMENT

4.1   The Parties agree that all amounts paid to EPA by TDY pursuant to this Stipulation shall be credited to TDY's ultimate share of the total response costs incurred or to be incurred at the Site in any final judicial or consensual resolution of TDY's potential responsibility at the Site.

4.2   The Parties agree that all amounts paid to EPA by the United States, on behalf of the Settling Federal Agencies, pursuant to this Stipulation shall be credited to the United States' ultimate share of the total response costs incurred or to be incurred at the Site in any final judicial or consensual resolution of the United States' potential responsibility at the Site.

## V.   NO PRESUMPTIONS OR ADMISSIONS OF LIABILITY

5.1   The Parties agree that a condition of entry into this Stipulation is that it does not establish, either actually or presumptively, a basis to demonstrate or argue the appropriate

*Interim Stipulation of Settlement between the United States and TDY*

allocation of any Party's responsibility for response costs at the Site. It is further agreed that neither the execution of nor payments made pursuant to this Stipulation shall in any way constitute, be interpreted as, be construed as, or be used as evidence of: (a) an admission of any law or fact, (b) a waiver of any right or defense or estoppel against any party hereto, (c) any liability for any costs associated with the Site, except the obligations herein, or (d) an admission of liability for any minimum amount of response costs.

5.2     Without limitation, it is agreed that the entry into this Stipulation by a Party shall not be argued or deemed to be an admission of: (a) any hazardous substance or waste disposal, or any release or threatened release of hazardous substances or of pollutants or contaminants, at the Site, (b) any liability with respect to the Site, whether as owners or operators of the Site, as persons or entities who arranged for disposal, treatment or transportation of hazardous substances or accepted hazardous substances for transport, or otherwise, or (c) any past or present violation of any laws, regulations or UAOs pertaining to the Site.

**VI.     MEDIATION**

6.1     TDY and the United States, on behalf of the Settling Federal Agencies, agree to work cooperatively and expeditiously to seek a negotiated resolution of TDY's claims against the Settling Federal Agencies asserted in the Contribution Action by reaching an agreed allocation of liability for the Site as between TDY and the Settling Federal Agencies, including the use of a third party mediator and fact-finding proceedings, as necessary and appropriate, to assist in such negotiations.

6.2     TDY and the United States, on behalf of the Settling Federal Agencies, agree to use their best efforts to draft and finalize a mediation agreement and select a mediator within twenty-one (21) days of the effective date of this Stipulation, but no earlier than July 31, 2004.

## *Interim Stipulation of Settlement between the United States and TDY*

In the event that TDY and the United States, on behalf of the Settling Federal Agencies, fail to reach agreement with respect to a mediation agreement and/or selection of a mediator, they may mutually agree to an extension of time and/or seek the intervention of a federal magistrate judge solely to assist the Parties in resolving their differences regarding the terms of a mediation agreement and choice of a private mediator.

6.3     TDY and the United States, on behalf of the Settling Federal Agencies, agree that mediation will be conducted and concluded within six (6) months from the finalization of the mediation agreement and selection of a mediator. TDY and the United States, on behalf of the Settling Federal Agencies, may mutually agree to extend the six (6) month time period and/or seek judicial intervention to extend the time for the mediation, and each reserves the right to oppose such request for extension. Nothing herein shall be interpreted to mean that TDY may seek judicial intervention to extend the time that the United States and EPA have agreed to refrain from certain actions as set forth in Paragraphs 6.6., 6.7 and 6.8.

6.4     TDY and the United States, on behalf of the Settling Federal Agencies, consent to a stay of the Contribution Action during the pendency of the mediation.

6.5     TDY and the United States agree that following the mediation regarding the allocation of their potential liability at the Site, TDY and the United States will negotiate in good faith with respect to reaching a comprehensive settlement of all outstanding issues involving the Parties with respect to the Site.

6.6     The United States agrees to refrain from initiating a civil enforcement action under Sections 106 and 107(a) and (c)(3) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a) and (c)(3), with respect to the Site against TDY for a period of six (6) months from the conclusion of the twenty-one (21) day period referenced in Paragraph 6.2 above or during the pendency of the mediation,

### *Interim Stipulation of Settlement between the United States and TDY*

whichever ends earlier. However, the United States reserves the right to bring any enforcement action necessary to: (a) stop actions which are causing a threat to the public health or welfare or the environment, or (b) require the performance of an emergency response action to abate an imminent and substantial endangerment to the public health or welfare or the environment.

  6.7 EPA agrees to refrain from issuing a new administrative order to TDY under Section 106 of CERCLA, 42 U.S.C. § 9606, with respect to the Site for a period of six (6) months from the conclusion of the twenty-one (21) day period referenced in Paragraph 6.2 above or during the pendency of the mediation, whichever ends earlier. However, EPA reserves the right to issue an administrative order pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, to: (a) stop actions which are causing a threat to the public health or welfare or the environment, or (b) require the performance of an emergency response action to abate an imminent and substantial endangerment to the public health or welfare or the environment.

  6.8 EPA agrees to refrain from directing TDY to perform any further work pursuant to the RA UAO for a period of six (6) months from the conclusion of the twenty-one (21) day period referenced in Paragraph 6.2 above or during the pendency of the mediation, whichever ends earlier. However, the RA UAO remains in effect.

  6.9 The Parties agree that the period commencing on the effective date of this Stipulation through the end of the mediation shall not be included in computing the running of any applicable statutes of limitation with respect to any claims the Parties have or may have against each other with respect to the Site.

  6.10 The United States reserves the right, in its discretion, to terminate the mediation and TDY reserves the right, in its discretion, to terminate the mediation. Should either Party determine to terminate the mediation, it shall give written notice to the other Party, the mediator

*Interim Stipulation of Settlement between the United States and TDY*

and the Court of its decision to terminate the mediation and the basis for doing so.

## VII. RESERVATIONS OF RIGHTS

7.1     Except as specifically provided in Sections IV (Effect of the Settlement), V (No Presumptions or Admissions of Liability), and VI (Mediation) herein, this Stipulation is not binding upon, and is without prejudice to, the exercise of any regulatory or other rights or authority by the United States or any federal agency, including but not limited to EPA or a federal natural resource trustee. Notwithstanding this Stipulation, all administrative orders that have been issued by EPA to TDY with respect to the Site remain in effect. The United States reserves any and all rights, claims and defenses against TDY with respect to those administrative orders and the Contribution Action. TDY reserves any and all rights, claims and defenses against the United States with respect to those administrative orders and the Contribution Action.

7.2     Except as specifically provided in Sections IV (Effect of the Settlement), V (No Presumptions or Admissions of Liability), and VI (Mediation) herein, this Stipulation shall not be considered a release or covenant not to sue with respect to any claim of the United States on behalf of EPA, any agency acting in its regulatory and/or enforcement capacity (including any of the Settling Federal Agencies when acting in such capacity or capacities), any agency acting in its natural resource trustee capacity (including any of the Settling Federal Agencies when acting in such capacity or capacities), or any other agency.

7.3     Except as specifically provided in Sections IV (Effect of the Settlement), V (No Presumptions or Admissions of Liability) and VI (Mediation) herein, this Stipulation shall also not be construed as a release or limitation with respect to any claim of TDY against the United States.

Case 2:03-cv-04975-TCP-MLO   Document 43   Filed 07/28/04   Page 13 of 15 PageID #: 44

*Interim Stipulation of Settlement between the United States and TDY*

### VIII. MISCELLANEOUS

8.1 TDY will enter into a stipulation extending the time for the United States, the City of Glen Cove, New York, and Wah Chang Smelting and Refining Co. of America to answer, move or otherwise respond to the Answer, Affirmative Defenses, Counterclaims and Crossclaims in Intervention filed by TDY in the Settlement Action. The stipulation shall be in the form annexed hereto as Exhibit B and shall provide that the time to answer, move or otherwise respond to the Answer, Affirmative Defenses, Counterclaims and Crossclaims in Intervention filed by TDY in the Settlement Action shall be extended to and including thirty (30) days after the deposit of all payments due under Sections II and III of this Stipulation.

8.2 Within twenty (20) days after the deposit of all payments due under Sections II and III of this Stipulation, the United States will withdraw the Consent Judgment currently lodged in the Settlement Action and will dismiss the Settlement Action without prejudice. The United States may choose to re-file its claims and re-lodge the proposed settlement of the City of Glen Cove's and/or Wah Chang Smelting and Refining Co. of America's liability at the Site, at such time as it deems appropriate, and TDY agrees that it shall not in the future oppose such a settlement as to the City of Glen Cove and/or Wah Chang Smelting and Refining Co. of America if it is on the same terms of payment as those set forth in the currently lodged Consent Judgment. Upon withdrawal by the United States of the Consent Judgment currently lodged in the Settlement Action and dismissal by the United States of the Settlement Action without prejudice, the Answer, Affirmative Defenses, Counterclaims and Crossclaims in Intervention filed by TDY in the Settlement Action shall be deemed withdrawn without prejudice.

8.3 Enforcement of the terms and conditions of this Stipulation, and all rights relating thereto, are strictly reserved to the Parties, and nothing contained in this Stipulation shall create

-13-

*Interim Stipulation of Settlement between the United States and TDY*

or authorize any claim or right of action by any other person or entity. No person or entity other than the Parties hereto shall be deemed to be a beneficiary of this Stipulation.

    8.4    This Stipulation may be executed in any number of counterpart originals, each of which shall be deemed to constitute an original Stipulation, and all of which shall constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

    8.5    The Parties hereby consent to the entry of this Stipulation as an Order enforceable by the Court. The effective date of this Stipulation shall be the date on which it is executed by the Court.

    8.6    The individuals signing this Stipulation on behalf of the Parties hereby certify that they are authorized to bind their respective parties to this Stipulation.

SO AGREED as of the date of this Stipulation.

Dated: Brooklyn, New York
       July 28, 2004

FOR THE UNITED STATES:

> ROSLYNN R. MAUSKOPF
> United States Attorney
> Eastern District of New York
>
> THOMAS L. SANSONETTI
> Assistant Attorney General
> Environmental and Natural Resources Division
> U.S. Department of Justice
> Washington, D.C. 20530

By: *Kevin P. Mulry*
      KEVIN MULRY (KM3752)
      DEBORAH B. ZWANY (DZ7987)
      Assistant United States Attorneys
      One Pierrepont Plaza, 14th Floor
      Brooklyn, New York 11201

*Interim Stipulation of Settlement between the United States and TDY*

Dated: Pittsburgh, Pennsylvania
    July 7, 2004

FOR TDY HOLDINGS, LLC and TDY INDUSTRIES, INC.

BY: _____

Jon D. Walton
Executive Vice President, Human Resources
Chief Legal and Compliance Officer

KIRKPATRICK & LOCKHART

_____

RICHARD HOSKING (RH1628)
MARK RUSH (MR3812)
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222

SO ORDERED on July 28, 2004:

_____
THE HONORABLE THOMAS C. PLATT
Senior United States District Court Judge

D. Zwany, Esq.
THIS ORDER IS TO BE MAILED BY MOVANT
TO ALL COUNSEL IMMEDIATELY UPON RECEIPT.

-15-